**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51539-3-II |
| Appellant, | |
| v. | |
| COREY DEAN HARRIS, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — The State appeals the trial court's order of suppression and dismissal of charges filed against Corey Harris for five counts of possession of stolen property. The trial court (1) concluded that the deputy's initial entry into the shop building leased by Harris was unlawful, (2) suppressed all the evidence seized, and (3) dismissed the case with prejudice. The State argues that the evidence should have been admissible under the independent source rule.

We conclude that the State did not waive its independent source argument. However, we hold that the independent source doctrine does not apply. Accordingly, we affirm the trial court's order suppressing the evidence and dismissing the case with prejudice.

FACTS

The State charged Corey Harris with five counts of possession of stolen property in the first degree. Deputy Jeremiah Fields of the Clark County Sheriff's Office received information from Oregon law enforcement regarding potential stolen property in Clark County. Deputy Fields eventually located a residence at the location he was given, and the landlord, Daniel Tucker, gave

him permission over the telephone to enter the shop building on behalf of Tucker's tenant, Harris. Upon entering, Deputy Fields found what he believed to be the stolen property. Deputy Fields then obtained a search warrant, returned a second time, and seized items.

Harris filed a CrR 3.6 motion to suppress the evidence. He argued that the initial entry was unlawful because Tucker did not have the authority to consent to the search of the shop building that Harris leased for storage, and thus all evidence seized should be suppressed. Harris also argued that without Deputy Fields' observation of the stolen property during the unlawful entry, there was no probable cause to support the search warrant. The trial court agreed with Harris and ruled that the initial entry was unlawful and that there was no probable cause for issuance of the search warrant for the shop building.

At the subsequent hearing to enter written findings of fact and conclusions of law, the State raised the issue of "severability."[1] Verbatim Report of Proceedings at 116. The State argued that there was probable cause to support the search warrant even after the trial court excised the evidence obtained in the unlawful initial entry. The trial court stated that it did not conduct a severability analysis at the CrR 3.6 hearing because the State had conceded that the granting of Harris's CrR 3.6 motion to suppress would be dispositive of the whole case and dismissal with prejudice would be appropriate.

The trial court found that the State had waived the issue of severability because it did not raise the issue at the suppression hearing, and even if it had not waived the issue, the severability theory did not apply. The trial court entered findings of fact and conclusions of law, concluding

---

[1] The parties interchangeably use "severability" and "independent source."

that "[t]he State presented insufficient argument or evidence at the suppression hearing to support a theory of severability of the search warrant affidavit." Clerk's Papers (CP) at 110. In this same order, the court dismissed the case.

The State appeals the dismissal.

## ANALYSIS

### I. WAIVER OF INDEPENDENT SOURCE ARGUMENT

The State argues that the trial court erred by suppressing evidence because the independent source doctrine applies. Harris argues that the State waived its independent source argument because it did not raise or brief this issue at the suppression hearing; instead, the State waited until the hearing where written findings and conclusions were presented to the trial court to raise the issue. The State responds that it did not waive this issue because the independent source doctrine was raised at the presentation hearing. We agree with the State and hold that there was no waiver.

RAP 1.2(a) directs us to apply the rules of appellate procedure liberally "to promote justice and [to] facilitate the decision of cases on the merits."

RAP 2.5(a) provides:

> The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right.

"The purpose of issue preservation is to 'encourage the efficient use of judicial resources' . . . by ensuring that the trial court has the opportunity to correct any errors, thereby avoiding unnecessary appeals.'" *State v. Fenwick*, 164 Wn. App. 392, 398, 264 P.3d 284 (2011) (alteration in original)

(internal quotation marks omitted) (quoting *State v. Robinson*, 171 Wn.2d 292, 304-05, 253 P.3d 84 (2011)).

A right may be "forfeited in criminal cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *State v. Lazcano*, 188 Wn. App. 338, 355, 354 P.3d 233 (2015). Preservation also serves to ensure the record for appeal is complete, and it "prevents adversarial unfairness by ensuring that the prevailing party is not deprived of victory by claimed errors that he had no opportunity to address." *Lazcano*, 188 Wn. App. at 356.

Here, although the State did not raise the independent source doctrine until after the trial court made its oral ruling on the suppression issue, the State did raise the independent source doctrine at the hearing to enter the written findings and conclusions and claimed that there was probable cause to support a search warrant even without the information obtained from the initial illegal entry. After hearing arguments, the trial court concluded that "[t]he State presented insufficient argument or evidence at the suppression hearing to support a theory of severability of the search warrant affidavit." CP at 110.

Thus, the State raised the argument and gave the trial court the opportunity to correct the error. *Fenwick*, 164 Wn. App. at 398. The trial court heard oral argument from both parties regarding the independent source doctrine and made a conclusion of law related to this argument. Therefore, we hold that the State did not waive the argument that the independent source doctrine applies and we consider the issue on the merits below.

## II. INDEPENDENT SOURCE DOCTRINE

We review a trial court's conclusions of law relating to the suppression of evidence de novo. *State v. Betancourth*, 190 Wn.2d 357, 363, 413 P.3d 566 (2018).

The exclusionary rule generally requires that evidence obtained from an illegal search and seizure be suppressed, including the unlawfully seized evidence and any fruit of the poisonous tree. *State v. Gaines*, 154 Wn.2d 711, 716-17, 722, 116 P.3d 993 (2005). The independent source doctrine is a well-established exception to the exclusionary rule. Although initially applied under a federal Fourth Amendment analysis, our courts have repeatedly held that the independent source doctrine is compatible with article 1, section 7 of the Washington Constitution. *Gaines*, 154 Wn.2d at 722; U.S. CONST. amend IV.

Under the independent source doctrine, "evidence tainted by unlawful governmental action is not subject to suppression under the exclusionary rule, provided that it ultimately is obtained pursuant to a valid warrant or other lawful means independent of the unlawful action." *Gaines*, 154 Wn.2d at 718.

> To determine whether challenged evidence truly has an independent source, courts ask whether illegally obtained information affected (1) the magistrate's decision to issue the warrant or (2) the decision of the state agents to seek the warrant. If the illegal search in no way contributed to the issuance of the warrant *and police would have sought the warrant even absent the initial illegality*, then the evidence is admissible through the lawful warrant under the independent source doctrine.

*Betancourth*, 190 Wn.2d at 365 (emphasis added) (internal citations omitted).

Here, there is no evidence in the record and no findings of fact or conclusions of law to support the assertion that the illegally obtained information did not affect the magistrate's decision to issue the warrant or that Deputy Fields would have sought a warrant even without the information obtained from the warrantless search. In the absence of such evidence, the independent source rule does not apply. *Betancourth*, 190 Wn.2d at 365. Therefore, we hold that the trial court did not err by suppressing the evidence.

No. 51539-3-II

CONCLUSION

We affirm the trial court's order of suppression and dismissal with prejudice.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Sutton, J.

We concur:

Maxa, C.J.

Lee, J.